## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **BATSAIHAN PURVEEGIIN,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CIVIL ACTION 06-0617-WS-C** |
| **DAVID O. STREIFF, et al.,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a person who has been detained by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in the Perry County Correctional Facility ("jail"), filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is before the Court on plaintiff's "complaint petition for injunctive relief" ("motion for injunctive relief") and "request to certify the class" ("motion for class certification"). (Doc. 2) After careful review the undersigned finds that plaintiff's motions are due to be denied.

## I. **Nature of Proceedings.**

In plaintiff's § 1983 complaint (Doc. 10), he complains about a myriad of conditions based on his confinement at the jail, which include the denial of medical care

and a special diet for diabetes.  (Docs. 1 & 10)[1]  Filed with, but separately from, the original complaint was a motion for injunctive relief.  (Doc. 2)[2]  This motion contains a request for a temporary injunction in which plaintiff contends that the level of care and monitoring of his type-II diabetes and associated illnesses are inadequate or absent so as to violate the Eighth Amendment.  Plaintiff relates that he daily receives a large "insulin injection twice, at morning 50 mlg NPH at evening 10 mlg NPH" and takes strong medicine orally for damage caused at another facility, which causes side effects, and seven to eight medications for his eye and vision, which are worsening.  His diabetes is alleged to be out of control with swings from "40 SBL" to "448 SBL."

Contained within this document is  a request to certify the class.  Plaintiff maintains that there are approximately thirty-five members at the jail who share the same causes of action contained in the complaint.  Plaintiff claims that he fairly represents the class because he is a diabetic who is on the "diabetic diet" which is inadequate to maintain a diabetic's health, and has been denied medical care for his condition.  Plaintiff requests the appointment of counsel because he and members of the class are without access to legal materials.

Plaintiff indicates that he has exhausted his administrative remedies by several means.  Even though being aware of plaintiff's grievances concerning his diabetes,

---

[1]The complaint before the Court is a Court-ordered, superseding amended complaint on this Court's complaint's form.  (Doc. 10)

[2]This motion is also found attached to the amended complaint. (Doc. 10)

2

plaintiff alleged that defendants nonetheless failed to provide: (1) greater frequency in physician monitoring of blood pressure and cholesterol levels, inspection of feet, review of the blood glucose level log, and general screenings; (2) more frequent doctor visits and therapy for foot wounds and infections; (3) a diabetic diet that is recommended by the American Diabetic Association and the American Medical Association; (4) emergency treatment for obvious cardiac problems and other serious diabetes complications; (5) diabetic footwear; and (6) meals that are spaced so plaintiff can regulate his blood glucose level.

Since filing this motion, plaintiff has been transferred from the jail to several locations with his most recent location being in Ulaan Baatar City, Mongolia.  (Doc. 34); *see Purveegiin v. Chertoff, et al.,* No. 06-0465-WS-B (plaintiff's § 2241 action, Doc. 50 - petitioner's notice).  Plaintiff was removed to his native Mongolia pursuant to a final order of deportation.  *Id.* at Doc. 47.  Subsequently, plaintiff's § 2241 action was recommended for dismissal as moot because there was no longer a live controversy and the Court could no longer grant the relief that he sought in his action, i.e., his release from ICE's custody.  *Id.* at Doc. 51.

**II.  Analysis.**

    **A.  Motion for Injunctive Relief.**

The fact that plaintiff is no longer at the jail being subjected to its conditions is dispositive of his motion for injunctive relief.  Injunctive "relief is a prospective remedy, intended to prevent future injuries."  *Adler v. Duval County School Bd.*, 112 F.3d 1475,

1477 (11th Cir. 1997).  For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*; *Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th Cir. 1994) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'" (citation omitted)).  "Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96, 94 S.Ct. 669 (1974)).

And "Article III of the Constitution limits the jurisdiction of the federal courts to the adjudication of certain 'Cases' and 'Controversies.' U.S. CONST. ART. III, 2.  The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy." *Adler*, 112 F.3d at 1477.  "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir. 1987).  Because mootness is jurisdictional, a decision in a moot action would be an impermissible advisory opinion.  *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir. 2001)*.*

Furthermore, the law is settled that a claim for declaratory or injunctive relief becomes moot upon the transfer or release of an inmate from the facility where his cause of action arose. *See, e.g., Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir.)  ("[A]n inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a

4

case or controversy once the inmate has been transferred."), *cert. denied,* 488 U.S. 1046 (1989); *Wahl,* 773 F.2d at 1173 ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

In *Spears, supra*, an Alabama inmate filed a § 1983 complaint for declaratory and injunctive relief alleging that West Jefferson's administrative segregation's conditions of confinement were less desirable than other institutions' segregation units.  After he filed the complaint, the inmate was transferred from West Jefferson to another institution that had better facilities.  On account of his transfer, the inmate's claims for injunctive and declaratory relief were found to be moot and subject to dismissal.  *Spears,* 846 F.2d at 1328.

In the present action, there is no indication that plaintiff will be returned to the jail, much less be returned in the immediate future.  "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by an continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul,* 755 F.2d 777, 780 (11th Cir. 1985) (finding the transfer of plaintiff back to jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).  Here, there is absent "any continuing, present injury or real and immediate threat of repeated injury" to plaintiff.  Therefore, the undersigned finds that plaintiff's motion for injunctive relief is moot and is due to be denied for that reason.  *Purveegiin v. Duran,* 2007 WL

295404 (M.D. Pa. Jan. 29, 2007) (finding the injunctive relief claim to be moot because Purveegiin is no longer at the Clinton County Correctional Facility); *Edwards v. Johnson,* 209 F.3d 772, 776 (5th Cir. 2000) (finding after an alien detainee was transferred, his claims for injunctive relief to rectify procedures and practices at the facility were moot).

### B. Motion for Class Certification.

Included within plaintiff's motion for injunctive relief is plaintiff's motion for class certification.  (Doc. 2)  However, "the claim of the named plaintiff, who seeks to represent the class, must be live both at the time he brings suit and when the district court determines whether to certify the putative class.  If the plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot." *Tucker v. Phyfer,* 819 F.2d at 1035 (affirming the dismissal as moot of a juvenile inmate's claims for injunctive and declaratory relief based on the conditions of confinement for juveniles at the Lauderdale County Jail and the denial of the request for class certification, which was filed two years after the juvenile inmate's release and after he was no longer considered a juvenile); *cf. Yacobo v. Achim,* 2007 WL 1030295, at *3 (N.D. Ill. Mar. 30, 2007) (finding motion for class certification in mandamus action to be moot because immigration detainee had been released from custody pending deportation).  Because the present plaintiff's claims for injunctive and declaratory relief are moot, his request for class certification is moot as it concerns these claims.

In regard to the damages aspect of plaintiff's action, the party moving for class certification must satisfy the elements for a class action contained in Rule 23(a) of the

Federal Rules of Civil Procedure.  Rule 23(a) provides:

> One or more members of a class may sue or be sued as
> representative parties on behalf of all only if (1) the class is so
> numerous that joinder of all members is impracticable, (2)
> there are questions of law or fact common to the class, (3) the
> claims or defenses of the representative parties are typical of
> the claims or defenses of the class, and (4) the representative
> parties will fairly and adequately protect the interest of the
> class.

"These requirements are commonly referred to as ''the prerequisites of numerosity,

commonality, typicality, and adequacy of representation. . . .'" *Franze v. Equitable*

*Assurance,* 296 F.3d 1250, 1253 (11th Cir. 2002) (citations omitted).  All four elements

must be satisfied in addition to one of the subparts of Rule 23(b).  *Kirkpatrick v. J. C.*

*Bradford & Co.,* 827 F.2d 718, 721 n.2 (11th Cir.), *cert. denied,* 485 U.S. 959 (1988).

Plaintiff bears the burden of proving the element that the representative parties will

fairly and adequately protect the interest of the class.  This inquiry "'involves questions of

whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the

proposed litigation and of whether plaintiffs have interests antagonistic to those of the rest

of the class.'" *Id.* at 726 (quoting *Griffin v. Carlin,* 755 F.2d 1516, 1532 (11th Cir. 1985)).

Plaintiff requests counsel because legal materials were not available to him at the jail.

However, now that plaintiff has been released and has access to the internet, as evidenced

by his emails to the Court, and to other sources, this reason for appointment of counsel no

longer exists.

Furthermore, the appointment of counsel in this action under 28 U.S.C. §

1915(e)(1) is discretionary and not mandatory.  *Mallard v. United States Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 109 S.Ct. 1814 (1989); *Bass v. Perrin*, 170 F.3d 1312, 1319-20 (11th Cir. 1999).  Appointment is warranted only in exceptional circumstances where the complexity of the case or the competence of the plaintiff makes the *pro se* prosecution of the claim fundamentally unfair.  *See Id.; Steele v. Shah*, 87 F.3d 1266, 1270-71 (11th Cir. 1996); *Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993); *Poole v. Lambert*, 819 F.2d 1025, 1028-29 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d at 1174.  In this instance, plaintiff's request for counsel is due to be denied as he has exhibited the ability to litigate his claims which are not complex.  The undersigned has also denied plaintiff's other request for appointment of counsel in this action.  (Docs. 6, 8, 14, 25).

Because plaintiff is proceeding *pro se*, the Court is chiefly concerned with plaintiff's ability to conduct a class action.  In *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975), the *pro se* plaintiff was an inmate who sought damages and injunctive relief from prison policies that allegedly violated his and other class members' constitutional rights.  The Fourth Circuit ruled:

> Ability to protect the interests of the class depends in part on the quality of counsel, *Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir. 1973), and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.  *Cf. Anderson v. Moorer,* 372 F.2d 747, 751 n.5 (5th Cir. 1967).  Neither Oxendine nor any other prisoner has assigned error to the class aspect of this case, but it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a

> class action.  *Cf. Ferrara v. Sheraton McAlpin Corp.,* 311
> F.2d 294, 297 (2d Cir. 1962).

*Id.* at 1047; *see Wallace v. Smith,* 145 Fed. Appx. 300, 302 (11th Cir. 2005) (quoting

*Oxendine, supra,* last clause).

The undersigned agrees with the *Oxendine* court's conclusion that a *pro se*

litigant's competence is too limited to represent the interests of others.  Plaintiff's

pleadings have not provided an exception to this rule.  *See Anderson*, 372 F.2d at 751

n.5.[3]  Accordingly, the undersigned finds that plaintiff has failed to meet his burden of

showing that he can fairly and adequately represent the interests of other class members.

Therefore, the Court is foregoing a discussion of the other aspect of this element -

whether plaintiff is a proper representative for the class.

Because plaintiff has failed to meet his burden on this element of Rule 23(a), the

other remaining elements will not be discussed, nor will subpart (b) of Rule 23 be

discussed.  Plaintiff's class action request is due to be denied for plaintiff's failure to meet

all four elements of Rule 23(a).  *Kirkpatrick,* 827 F.2d at 721 n.2.

## III.  Conclusion.

Accordingly, for the reasons set forth above, the Court finds that plaintiff's

motions are due to be denied.

The attached sheet contains important information regarding objections to the

---

[3]The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

report and recommendation.

      **DONE** this 23rd day of April, 2007.

                             **s/WILLIAM E. CASSADY**         
                             **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.    ***Objection***.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail

10

in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE