IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BATSAIHAN PURVEEGIIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0617-WS-C |
| | ) |
| DAVID O. STREIFF, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This § 1983 action is before the Court on plaintiff's filing styled "Plaintiff's Reply for Magister Judge's Report and Recommendations" (doc. 42), wherein he sets forth his objections to the Report and Recommendation (doc. 39) concerning his requests for injunctive relief and class certification. Plaintiff's filing also appeals from a separate Order (doc. 38) in which the Magistrate Judge denied his request for appointment of counsel.

Plaintiff Batsaihan Purveegiin, who presently resides in Ulaan Baatar City, Mongolia, and who is proceeding *pro se*, initiated this § 1983 action complaining of the conditions of his confinement at Perry County Correctional Facility, where he remained for approximately four months prior to being transferred to a Pennsylvania facility in December 2006 and being deported from the United States in February 2007.[1] As part and parcel of this lawsuit, Purveegiin requests injunctive relief concerning the care and treatment of his type-II diabetes condition, as well as certification of a class of similarly situated inmates at the Perry County facility.

On April 23, 2007, Magistrate Judge Cassady entered a Report and Recommendation (doc. 39), wherein he recommended that both the injunctive request and the class certification request be denied. In summary, Magistrate Judge Cassady opined that Purveegiin's transfer

---

[1] Purveegiin's most recent filing acknowledges that he is a serial litigator who has filed as many as 27 lawsuits complaining of conditions of confinement in Virginia, Pennsylvania, New York, Alabama and elsewhere. (Doc. 42, at 2-3.)

from the Perry County facility in December 2006 rendered the injunctive claim moot because there is no indication that he will be returned to that facility, much less that such an event may occur in the immediate future.  *See Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) ("Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by a continuing, present injury or real and immediate threat of repeated injury.").  He also found that class certification was inappropriate because Purveegiin's *pro se* status renders him ill-suited to fairly and adequately protect the interests of the class.  *See Wallace v. Smith*, 2005 WL 1842350, *2 (11th Cir. Aug. 4, 2005) ("It is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.") (citation omitted).

On the same date as the Report and Recommendation was entered, Magistrate Judge Cassady also entered an Order (doc. 38) denying for the third time Purveegiin's request for appointment of counsel.  (*See* docs. 8, 24, 38.)  In that Order, Magistrate Judge Cassady concluded that there are no exceptional circumstances concerning the complexity of the case or the competency of the plaintiff which would render *pro se* prosecution of these claims fundamentally unfair.

Purveegiin has now filed objections to all of these determinations.  With respect to the injunctive relief issue, the crux of his objection is that, even though he is not presently in defendants' custody and is indeed not in the United States at all, "Plaintiff is able to bee subjected return defendants custody future torture and abuse." (Objections (doc. 42), at 6.)  Such a speculative assertion is far too slender a reed to support continued litigation of these injunctive claims, inasmuch as it is unclear whether Purveegiin will return to this country and, even if he does, the likelihood of him being detained at the Perry County facility (where he remained for just four months out of a period of confinement that apparently spanned several years) thereafter appears quite slim.  Thus, the undersigned agrees with the Report and Recommendation's finding that plaintiff's injunctive relief claims are now moot.  *See, e.g., Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001) (explaining that injunctive claims may become moot if "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated

the effects of the alleged violations").[2]  Even if there were a reasonable likelihood that Purveegiin will return to the United States and to federal custody thereafter, there is no reason to believe that he will ever be housed in the Perry County Correctional Facility again.  Purveegiin has no apparent connection with the State of Alabama other than his relatively brief stay at the Perry County facility in late 2006.  To the extent that his lawsuit seeks injunctive relief from Perry County Correctional Facility officials (who are the only named defendants herein), then, such claims are plainly moot.

With regard to the class certification issue, Purveegiin objects to Magistrate Judge Cassady's conclusion that the elements of Rule 23(a) are not met; however, he concedes that he is unable adequately to represent the interests of the class himself.  Indeed, he states that he is "unable to do all investigations requireds this action" and that "this class interest cannot be protected by Plaintiff ability repersent this matter by him self because plaintiffs damaged health worsning."  (Objections, at 7.)  Because this purported objection merely reinforces the correctness of the Magistrate Judge's finding that class certification is not warranted here under the terms of Rule 23(a), Fed.R.Civ.P., plaintiff has proffered no viable basis for overturning the Report and Recommendation on this issue.

As for plaintiff's contention that he is entitled to appointment of counsel to represent him in these proceedings, that assertion constitutes an objection to the Magistrate Judge's Order of April 23, 2007, not to a Report and Recommendation.  As such, this objection is governed by Rule 72(a), Fed.R.Civ.P., which provides that, when timely objections are made to a magistrate judge's order on a nondispositive matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order ***found to be clearly erroneous or contrary to law***." *Id.* (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same standard); *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1292

---

[2]  Plaintiff cites *Scott v. District of Columbia*, 139 F.3d 940 (D.C. Cir. 1998) in support of his objections, but in *Scott* the appellate court expressly observed that a plaintiff's release from confinement "surely moots his case" for injunctive relief relating to the prison where he was in custody prior to such release. *Id.* at 941 ("Normally, a prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement in that prison.").  Thus, *Scott* lends no support to his position.

n.2 (11th Cir. 2003) (observing that district court properly applied "clearly erroneous or contrary to law" standard of review in reconsidering magistrate judge's determination of pretrial matter); *Merritt v. International Broth. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under s 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination ...."). After careful review of the Magistrate Judge's multiple rulings denying plaintiff's request for appointment of counsel, and plaintiff's objections to same, the Court finds that said denials are neither clearly erroneous nor contrary to law.

For all of the foregoing reasons, it is hereby **ordered** as follows:

1. After *de novo* review, the Report and Recommendation (doc. 39) entered by Magistrate Judge Cassady on April 23, 2007 is **adopted** as the opinion of this Court and plaintiff's Objections (doc. 42) to same are **overruled**. In particular, plaintiff's request for injunctive relief is **denied** as **moot**, and his request for class certification is **denied** for failure to satisfy Rule 23(a), Fed.R.Civ.P.

2. Plaintiff's appeal (doc. 42) of Magistrate Judge Cassady's Order (doc. 38) entered on April 23, 2007 denying his request for appointment of counsel is **denied**. Plaintiff's objections are **overruled** and that Order, being neither clearly erroneous nor contrary to law, is **affirmed**.

3. The renewed Motion for Appointment Counsel dated May 17, 2007 and appended to plaintiff's latest filing (doc. 42) is **denied** for the same reasons articulated by Magistrate Judge Cassady in denying his previous requests for appointed counsel.[3]

---

[3] Plaintiff argues in his motion that he needs appointed counsel because, *inter alia*, he is "very busy" pursuing all of his other *pro se* civil lawsuits against prison officials in various other states. (Motion, at 2.) Plaintiff's apparent propensity to sue every correctional facility in which he has been housed cannot constitute valid grounds for appointment of counsel here simply because plaintiff is "busy" litigating those other suits. Moreover, if anything, plaintiff's extensive experience litigating § 1983 actions on his own behalf confirms that he is fully capable of representing his own interests herein.

DONE and ORDERED this 11th day of June, 2007.

                                                                       s/ WILLIAM H. STEELE
                                                                        UNITED STATES DISTRICT JUDGE