IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BATSAIHAN PURVEEGIIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0617-WS-C |
| | ) |
| DAVID O. STREIFF, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on plaintiff Batsaihan Purveegiin's Motion for Reconsideration (doc. 44) and Motion to Proceed In Forma Pauperis (doc. 45) on appeal.

Plaintiff Batsaihan Purveegiin, who presently resides in Ulaan Baatar City, Mongolia, and who is proceeding *pro se*, initiated this § 1983 action complaining of the conditions of his confinement at Perry County Correctional Facility, where he remained for approximately four months prior to being transferred to a Pennsylvania facility in December 2006 and being deported from the United States in February 2007.[1] Among Purveegiin's claims are requests for injunctive relief concerning the care and treatment of his type-II diabetes condition, as well as certification of a class of similarly situated inmates at the Perry County facility. On June 11, 2007, the undersigned entered an Order (doc. 43) that made the following determinations: (a) adopted the Magistrate Judge's Report and Recommendation that plaintiff's request for injunctive relief be denied as moot; (b) adopted the Magistrate Judge's Report and Recommendation that plaintiff's request for class certification be denied for failure to satisfy the provisions of Rule 23(a), Fed.R.Civ.P.; and (c) affirmed the Magistrate Judge's Order denying plaintiff's third request for appointment of counsel. Purveegiin now seeks reconsideration of all of these rulings, and filed a Notice of Appeal and request to proceed *in forma pauperis* on

---

[1] Purveegiin's filings reflect that he has filed as many as 27 lawsuits complaining of conditions of confinement in correctional facilities in Virginia, Pennsylvania, New York, Alabama and elsewhere. (Doc. 42, at 2-3.)

appeal, conditioned on the denial of his Motion to Reconsider.

Plaintiff's Motion to Reconsider consists of a verbatim replicate of his previously filed Objections to Report and Recommendation (doc. 42), prefaced by a short statement that Purveegiin does not believe that the undersigned ever read that previous filing. Not only did the Court review plaintiff's objections in their entirety, but the Court also explained in some detail in the June 11 Order why those objections lack merit. More to the point, Purveegiin's wholly redundant filing runs afoul of the legal standards governing motions to reconsider. "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005); *see also United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). The law is clear that a party may not properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order. *See Gougler*, 370 F. Supp.2d at 1189 n.1 ("motions to reconsider are not a platform to relitigate arguments previously considered and rejected"); *Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (similar); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).[2] Purveegiin's Motion does nothing more than relitigate arguments that this Court has previously considered and rejected. As this is not a proper use of the reconsideration vehicle, the Motion to Reconsider (doc. 44) is **denied**.

With respect to Purveegiin's apparent desire to file an interlocutory appeal from the June 11 Order, and to proceed in appeal without prepayment of fees and costs, the Court is of the opinion that plaintiff is not entitled to IFP status in such an endeavor. In general, "[t]o proceed on appeal *in forma pauperis*, a litigant must be economically eligible, and his appeal must not be

---

[2] The pragmatic policy considerations underlying these principles are that "if every question once considered and decided remained open for reexamination in subsequent proceedings in that same case, [a district] court could not efficiently or satisfactorily perform its duties." *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir. 1985). Imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request by that party.

frivolous." *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). Assuming that Purveegiin satisfies the economic eligibility requirement (as the declaration appended to his IFP request suggests he does), his application for IFP status would nonetheless confront an insuperable obstacle in the requirement that his appeal not be frivolous. Notwithstanding a finding of economic eligibility, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

Leaving aside the potential jurisdictional defect relating to several of the issues that Purveegiin seeks to litigate on interlocutory appeal, the undersigned is of the view that this appeal is frivolous. He appeals from this Court's determination that he is not entitled to an injunction concerning the medical care that he receives at the Perry County Correctional Facility. But Purveegiin has not been housed in that facility since December 2006, and has neither been in custody nor been present in the United States since February 2007. These circumstances clearly moot his injunctive request directed at Perry County prison officials, and plaintiff's argument to the contrary on appeal is factually and legally baseless. Next, Purveegiin appeals from this Court's denial of class certification even though he plainly does not satisfy the elements of Rule 23(a), Fed.R.Civ.P. Again, this appeal is groundless. And finally, Purveegiin appeals from the denial of his request for appointment of counsel even though he is an experienced *pro se* litigator

who is presently or has in the past represented himself in at least 27 lawsuits in the United States and even though he justified his request for appointment of counsel in this case by saying, *inter alia*, that his responsibilities in representing his own interests in other cases render him too busy to represent himself effectively here.  This aspect of the appeal is likewise devoid of merit on its face.

In light of the foregoing, the Court concludes that petitioner's interlocutory appeal is devoid of even arguable merit.  On that basis, the undersigned certifies that Purveegiin's claims on appeal are frivolous, and that the instant appeal is not taken in good faith.  Accordingly, plaintiff's Motion to Proceed In Forma Pauperis (doc. 45) on appeal is **denied**.

DONE and ORDERED this 17th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE