THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

BATSAIHAN PURVEEGIIN,            :

    Plaintiff,                              :

vs.                                               :        CIVIL ACTION 06-0617-WS-C

DAVID O. STREIFF, *et. al.*,             :

                                                                                :

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a complaint (Doc. 10) in which he attempts to state claims against correctional personnel and health care providers pursuant to 42 U.S.C. § 1983. His claims are general grievances as to the conditions of confinement existing at the Perry County Correctional Facility in Uniontown, Alabama. He was detained in this facility for approximately four months prior to being transferred to a Pennsylvania facility in December 2006. He was then deported in February 2007 and his last-known address is P. O. Box 346, Ulaanbaatar City, Mongolia.

Plaintiff's request for injunctive relief has been deemed moot and his motions for class certification and appointment of counsel have been denied. (Docs. 43 & 46) In addition, his motion for leave to appeal *in forma pauperis* was denied as frivolous and no

appeal of that decision has been filed.  (Court Docket Sheet & Doc. 46)

Therefore, the only claims remaining are his claims for damages due to alleged deprivations listed in his amended complaint filed November 8, 2006 (Doc. 10).  Therein, he asks for an award of 750 million dollars due to a laundry list of deprivations alleged to have occurred during his four-month stay in Perry County.[1]

As is the practice of this Court involving prisoner petitions, this action was referred to the undersigned for case management responsibilities pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72(c)(4).  Pursuant to that reference, a scheduling order was entered on January 17, 2007 that established a firm schedule for the orderly resolution of the remaining claims.  Significant portions of that Order allowed for reasonable discovery and set a final pretrial conference on October 16, 2007 at 9:30 a.m.  (Rule 16(b) Scheduling Order, Doc. 21) Plaintiff has not engaged in any discovery and did not appear, either in person or by telephone, at the time set for the pretrial conference.  He never asked for a continuance of that conference nor has he explained his absence.  Given these circumstances, it is determined that Purveegiin has abandoned this litigation and his claims should be dismissed for failure to prosecute.[2]

---

[1] Perry County and its personnel are not the only detention facility defendants sued by Purveegiin.  He has as many as 27 lawsuits complaining of conditions of confinement in correctional facilities in Virginia, Pennsylvania, New York, and elsewhere.  (Doc. 43, fn. 1)

[2] Since his office is located in Lafayette, Louisiana, defense counsel was given permission to participate in this conference by telephone should Plaintiff appear, either in person or by telephone.  Plaintiff did not request a similar accommodation or a continuance of the pretrial hearing.

This record reveals that Plaintiff has willfully chosen to disregard the Court's Scheduling Order and to prosecute this action. Even after deportation he clearly had access to the Court. Even though he filed numerous pleadings after deportation (Docs. 41, 42, 44, 45, 47 & 48), he did not seek any relief from the Court's scheduling order. In fact, Plaintiff has not filed any pleadings or made any requests since September 11, 2007 (Doc. 47). Although the undersigned has carefully considered the alternative sanctions to dismissal, none would adequately discourage similar conduct in the future by this Plaintiff or salvage the Court's schedule originally imposed. When these considerations are merged with the fact that valuable time and resources have been wasted due to Plaintiff's actions and there is no viable source of funds to reimburse the Defendants, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the Court's inherent power as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983) (upholding dismissal with prejudice and noting that there was a "long pattern of conduct which amounted to want of prosecution and several failures by plaintiffs to obey court

rules and orders."); Hildebrand v. Honeywell, 622 F.2d 179, 181 (5th Cir. 1980).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached instructions contain important information regarding objections to this Report and Recommendation.  The Clerk is directed to serve a copy of this Report And Recommendation on the Plaintiff by certified mail.

**DONE** this 8th day of January, 2008.


                                    s/WILLIAM E. CASSADY
                                    UNITED STATES MAGISTRATE JUDGE




MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION

## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.